UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No. 5:14-CV-94-BO

HARU HOLDING CORP., a Delaware
corporation, *Plaintiff,*

vs.

NEW CITY, INC., a North Carolina
corporation, d/b/a HARU SUSHI JAPANESE
RESTAURANT and HARU SUSHI, INC., a
North Carolina corporation, *Defendants.*

ORDER OF FINAL JUDGMENT AND
PERMANENT INJUNCTION

This matter comes before the Court on Plaintiff's Motion for Default Judgment (the "Motion") by Plaintiff Haru Holding Corp. ("HHC")'s against defendants New City, Inc. d/b/a Haru Sushi Japanese Restaurant ("New City") and Haru Sushi Inc. ("HSI")

The Court has reviewed HHC's Motion, together with its supporting Memorandum of Law, the testimony provided in the Declaration of Elizabeth J. Means, and other supporting materials submitted contemporaneously with the Motion or previously filed with the Court. Based upon those materials and upon the proceedings previously had in this action, and that Defendants New City and HSI have failed to file a responsive pleading in the time afforded under the law, HHC's Motion is hereby GRANTED, and in support of the final judgment and permanent injunction be default entered herein, the Court finds that Plaintiff has shown: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for its injuries; (3) that, considering the balance of hardships between the plaintiff and defendants, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that default judgment and permanent injunction be ordered against Defendants, NEW CITY, INC. d/b/a HARU SUSHI JAPANESE RESTAURANT and HARU SUSHI, INC., (collectively "Defendants") as follows:

Defendants are hereby permanently enjoined along with those in active concert and participation with them from:

1. Infringing Plaintiff's federally registered and state-registered HARU trademarks and related other common rights (collectively, the "HARU Trademarks").

2. Using the HARU Trademarks or any mark confusingly similar thereto including, without limitation, the designations "HARU SUSHI" and "HARU SUSHI JAPANESE RESTAURANT" (collectively, the "HARU Restaurant Marks"), to advertise, promote, display or sell any goods or services;

3. Making any use of any corporate name, domain name, or trade name confusingly similar to the HARU Trademarks and/or consisting of, in whole or in part, any of the HARU Restaurant Marks;

4. Registering any trademark, domain name, trade name, or corporate name consisting of, in whole or in part, any of the HARU Restaurant Marks and/or the HARU Trademarks, or any word or mark confusingly similar thereto;

5. Representing or suggesting to any third party that Defendants are affiliated with, sponsored by, licensed by, or otherwise connected with HHC; and

6. Otherwise unfairly competing with HHC.

The Court FURTHER finds that Defendants are in violation of 15 U.S.C. § 1125(a), and, having so found, HEREBY FURTHER ORDERS under 15 U.S.C. § 1118 that all labels, signs, prints, packages, wrappers, receptacles, menus, and advertisements in the possession of

any of the Defendants, bearing the registered trademark HARU reflected in U.S. Reg. Nos. 2,709,147. or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same, shall be destroyed by Defendants; and that Defendants shall remove all signage, and to cease use of and destroy all copies of any print media, menus, press releases and promotional materials in their control bearing any of the HARU Restaurant Marks and/or any of the HARU Trademarks, within ninety (90) days of the date of this order.

This the 13 day of April, 2015

Terrence W. Boyle
United Stated District Judge

PPAB 2697943v2