UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| Haru Holding Corp., ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **JUDGMENT** | |
| ) | | |
| New City, Inc., Smoothcom, Inc., ) | No. 5:14-CV-94-BO | |
| Haru Sushi, Inc., New Haru, Inc., ) | | |
| ) | | |
| Defendants. ) | | |
| ) | | |

**Decision by Court.**

**IT IS ORDERED, ADJUDGED AND DECREED** that pursuant to the order entered 5/5/2014, this action is dismissed, with prejudice, as to defendant SmoothCom, Inc.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that pursuant to the order entered on 6/9/2014, this action is dismissed, with prejudice, as to defendant New Haru, Inc.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that default judgment and permanent injunction be ordered against Defendants, NEW CITY, INC. d/b/a HARU SUSHI JAPANESE RESTAURANT and HARU SUSHI, INC., (collectively "Defendants") as follows:

Defendants are hereby permanently enjoined along with those in active concert and participation with them from:
  1. Infringing Plaintiff's federally registered and state-registered HARU trademarks and related other common rights (collectively, the "HARU Trademarks").

  2. Using the HARU Trademarks or any mark confusingly similar thereto including, without limitation, the designations "HARU SUSHI" and "HARU SUSHI JAPANESE RESTAURANT" (collectively, the "HARU Restaurant Marks"), to advertise, promote, display or sell any goods or services;

  3. Making any use of any corporate name, domain name, or trade name confusingly similar to the HARU Trademarks and/or consisting of, in whole or in part, any of the HARU Restaurant Marks;

  4. Registering any trademark, domain name, trade name, or corporate name consisting of, in whole or in part, any of the HARU Restaurant Marks and/or the HARU Trademarks, or any word or mark confusingly similar thereto;

    5. Representing or suggesting to any third party that Defendants are affiliated with, sponsored by, licensed by, or otherwise connected with HHC; and

    6. Otherwise unfairly competing with HHC.

The Court FURTHER finds that Defendants are in violation of 15 U.S.C. § 1125(a), and, having so found, HEREBY FURTHER ORDERS under 15 U.S.C. § 1118 that all labels, signs, prints, packages, wrappers, receptacles, menus, and advertisements in the possession of any of the Defendants, bearing the registered trademark HARU reflected in U.S. Reg. Nos. 2,709,147. or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same, shall be destroyed by Defendants; and that Defendants shall remove all signage, and to cease use of and destroy all copies of any print media, menus, press releases and promotional materials in their control bearing any of the HARU Restaurant Marks and/or any of the HARU Trademarks, within ninety (90) days of the date of this order.

This case is closed.

**This judgment filed and entered on April 15, 2015, and served on:**

Christopher M. Thomas (via CM/ECF Notice of Electronic Filing)
Anthony J. Biller (via CM/ECF Notice of Electronic Filing)

April 15, 2015

JULIE RICHARDS JOHNSTON, CLERK

By: Deputy Clerk